NO. 12-01-00138-CR



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS




JEFF PICKRELL,
§
 APPEAL FROM THE 241ST

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 SMITH COUNTY, TEXAS







PER CURIAM


 Jeff Pickrell ("Appellant") appeals his conviction for indecency with a child. Appellant
raises one issue on appeal. We affirm.


Background

 W.K., who was, at the time, ten years old, went camping with his friend Matthew Toole
("Toole"), Appellant, who was Toole's stepfather, Appellant's wife, Tamara Pickrell, and Xavier
Land, who was Toole's cousin and Appellant's stepson (collectively "the group"). The group arrived
at the campsite during the afternoon. After unloading the car, the group and some friends engaged
in typical activities associated with camping. The group's friends stayed at the campsight until
nearly midnight. After the friends left, W.K. and Toole decided to stay up to look for shooting stars. 
Appellant, who had been drinking that evening, told the two boys to lie on the ground next to him,
hold hands, and watch the sky. While he lay on the ground next to W.K., Appellant repeatedly
attempted to place his hand on W.K.'s groin, but was continually rebuffed by W.K. Attempting to
distance themselves from Appellant, W.K. and Toole walked down to the water and fished for a
while. However, Appellant soon came down to the water's edge. Once there, Appellant dropped
to his hands and knees and told W.K. to come over to him, bend over, pull off his pants and that
Appellant would engage in sexual intercourse with W.K. and show him how it was done. This entire
scenario occurred in the presence of Appellant's stepson, Toole. The two boys left Appellant and
returned to the campsite where they spent approximately forty-five minutes avoiding Appellant as
he followed them in circles around the campsite.

 The boys went inside the tent where Appellant's wife was asleep and attempted to wake her. 
She called Appellant into the tent and the boys went back outside and sat on a bench. Shortly
thereafter, Appellant reemerged from the tent. The boys returned to the tent and woke Appellant's
wife, who again called her husband back into the tent. Toole remained in the tent with his mother
and Appellant, while W.K. left the tent and lay down on a nearby cot. Appellant soon reemerged
from the tent and pulled a cooler over to W.K.'s cot. As W.K. lay on the cot, Appellant placed his
hand beneath the covers, but on top of W.K.'s clothes, and groped W.K.'s penis. As he did so,
Appellant made vulgar comments to W.K. W.K. again rebuffed Appellant. Angered, Appellant
shook a gas can over the fire and over the tent, but no gasoline was spilled. W.K. stayed awake for
the remainder of the night to keep away from Appellant.


Factual Sufficiency

 In his sole issue, Appellant contends that the evidence is factually insufficient to support the
jury's verdict. We first assume that the evidence is legally sufficient under the standard set forth in
Jackson v. Virginia, 443 U.S. 307, 315-16, 99 S. Ct. 2781, 2786-787, 61 L. Ed. 2d 560 (1979). See
Clewis v. State, 922 S.W.2d 126, 134 (Tex. Crim. App. 1996). We then consider all of the evidence
in the record related to Appellant's sufficiency challenge, not just the evidence which supports the
verdict. Id. We review the evidence weighed by the jury which tends to prove the existence of the
fact in dispute, and compare it to the evidence which tends to disprove that fact. See Santellan v.
State, 939 S.W.2d 155, 164 (Tex. Crim. App. 1997). We may disagree with the jury's
determination, even if probative evidence exists which supports the verdict. See Clewis, 922 S.W.2d
at 133. However, our evaluation should not substantially intrude upon the jury's role as the sole
judge of the weight and credibility of witness testimony. See Santellan, 939 S.W.2d at 164. Where
there is conflicting evidence, the jury's verdict on such matters is generally regarded as conclusive. 
See Van Zandt v. State, 932 S.W.2d 88, 96 (Tex. App.- El Paso 1996, pet. ref'd). We will reverse
only when the verdict is against the great weight of the evidence presented at trial so as to be clearly
wrong and unjust. See Clewis, 922 S.W.2d at 134. 

 Appellant suggests that there are inconsistencies in the testimony offered by W.K. as
compared to testimony offered by other witnesses. Appellant also argues that W.K. had not testified
that Appellant touched his penis until the prosecutor suggested such facts in a question posed to
W.K. We note that Appellant lodged no objection to the prosecutor's question. The only
inconsistencies in testimony specified by Appellant in his brief relate to testimony offered by his
former wife, Tamara Pickrell, who was inside the tent on the night in question. Appellant points out
that Tamara Pickrell testified that Appellant did not fall in the fire; that he did not cut a hole in the
tent; that he did not try to pour gasoline on the tent and set it afire; and that she did not hit Appellant
in the head with a lantern. We iterate that our evaluation should not substantially intrude upon the
jury's role as the sole judge of the weight and credibility of witness testimony. See Santellan, 939
S.W.2d at 164 (emphasis added). Where there is conflicting evidence, the jury's verdict on such
matters is generally regarded as conclusive. See VanZandt, 932 S.W.2d at 96. Our review of the
record does not reveal any evidence causing us to conclude that the verdict is so against the great
weight of the evidence presented at trial so as to be clearly wrong and unjust, nor does the verdict
otherwise shock the conscience of this court. Therefore, we hold that the evidence is factually
sufficient to support the jury's verdict. Appellant's sole issue is overruled.

 Accordingly, the trial court's judgment is affirmed.


Opinion delivered April 25, 2002.

Panel consisted of Davis, C.J., Worthen, J., and Griffith, J.








(DO NOT PUBLISH)












COURT OF APPEALS


TWELFTH COURT OF APPEALS DISTRICT OF TEXAS


JUDGMENT



APRIL 25, 2002



NO. 12-01-00138-CR



JEFF PICKRELL,


Appellant


V.


THE STATE OF TEXAS,


Appellee







 Appeal from the 241st Judicial District Court


 of Smith County, Texas. (Tr.Ct.No. 241-80862-97)








 THIS CAUSE came to be heard on the appellate record and briefs filed herein,
and the same being inspected, it is the opinion of this Court that there was no error in the judgment.

 It is therefore ORDERED, ADJUDGED and DECREED that the judgment
of the court below Be In All Things Affirmed and that this decision be certified to the court
below for observance.

 By per curiam opinion.

 Panel consisted of Davis, C.J., Worthen, J., and Griffith, J.











THE STATE OF TEXAS


M A N D A T E


TO THE 241ST JUDICIAL DISTRICT COURT OF SMITH COUNTY, GREETINGS:


 Before our Court of Appeals for the 12th Court of Appeals District of Texas, on the 25th
day of April, 2002, the cause upon appeal to revise or reverse your judgment between


JEFF PICKRELL, Appellant



NO. 12-01-00138-CR and Tr. Ct. Case Number 241-80862-97



Opinion by Per Curiam.



THE STATE OF TEXAS, Appellee



was determined; and therein our said Court made its order in these words:

 THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same
being inspected, it is the opinion of this Court that there was no error in the judgment.


 It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below
Be In All Things Affirmed and that this decision be certified to the court below for observance.


 WHEREAS, YOU ARE HEREBY COMMANDED to observe the foregoing order of said
Court of Appeals for the Twelfth Court of Appeals District of Texas in this behalf, and in all things
have it duly recognized, obeyed, and executed.


 WITNESS, THE HONORABLE LEONARD DAVIS, Chief Justice of said Court of
Appeals for the Twelfth Court of Appeals District, with the Seal thereof affixed, at the City of Tyler,
this the ______ day of __________________, 200_.


 CATHY S. LUSK, CLERK



 By:_______________________________

 Deputy Clerk